ORIGINAL

# In the United States Court of Federal Claims

No. 17-1148C

(Filed: November 30, 2017)

```
**************************************
                                     *
RICKY JOE BLODGETT,                  *
                                     *
              Plaintiff,             *
                                     *
v.                                   *
                                     *
THE UNITED STATES,                   *
                                     *
              Defendant.             *
                                     *
**************************************
```

**FILED**

**NOV 3 0 2017**

U.S. COURT OF
FEDERAL CLAIMS

## OPINION AND ORDER

WHEELER, Judge.

Ricky Joe Blodgett, a currently incarcerated *pro se* plaintiff, seeks relief in this Court for unjust conviction and imprisonment, irregularities in his criminal trial, alleged torts and criminal acts committed against him, and constitutional violations associated with his trial and conviction. The Government has filed a motion to dismiss for lack of subject matter jurisdiction. For the reasons explained below, the Court GRANTS the Government's motion to dismiss Mr. Blodgett's claims.

## Background

Mr. Blodgett is currently being held at the North Central Correctional Facility in Iowa. Compl. at 2. He was charged with felon in possession of a firearm, first degree robbery, and first degree burglary on March 13, 2002, and was convicted of the latter two offenses at the conclusion of his trial held in Mahaska County, Iowa. Id. at 2, 4, 7. Mr. Blodgett alleges that evidence was fabricated during his trial, and that the individually named defendants in this case conspired together and engaged in malicious prosecution by failing to instruct the jury on lesser-included offenses during his trial and interfering with his post-conviction cases and subsequent appeals. Id. at 6–8. As a result of this alleged "conspiracy" against him, Mr. Blodgett claims that he was wrongfully convicted and

sentenced to a fifteen-year term, which he is currently serving, and that he continues to suffer damages and injuries. Id. at 10.

Mr. Blodgett first attempted to overturn his conviction through the Court of Appeals of Iowa. See State v. Blodgett, 796 N.W.2d 455 (Iowa Ct. App. 2003); Blodgett v. State, 735 N.W.2d 202 (Iowa Ct. App. 2007) (denying post-conviction relief). After the Iowa state courts denied him relief, Mr. Blodgett turned to the federal courts, filing 31 cases at the United States District Court for the Southern District of Iowa and three appeals, one of which is currently pending at the United States Court of Appeals for the Eighth Circuit. See Def.'s Mot. at 2–3; see also id. at Appx. 1. Mr. Blodgett filed his complaint with this Court on August 22, 2017. Dkt. No. 1.

In his complaint, Mr. Blodgett names five defendants: the United States, the State of Iowa, Mahaska County of Iowa, James Q. Blomgren, and Charles Stream. Mr. Blodgett first alleges that Mr. Blomgren and Mr. Stream, acting jointly with the State of Iowa, conspired together to engage in malicious prosecution by fabricating evidence during trial to support a conviction against him and by giving false instructions to the jury. See Compl. at 4–6, 9–10. Mr. Blodgett also argues that his claims are properly brought before this Court pursuant to 28 U.S.C. §§ 1495, 2513, and 1331, which give the Court limited jurisdiction to hear claims against the United States for compensation based upon unjust conviction and imprisonment. See Compl. at 2.

Mr. Blodgett next alleges that the State of Iowa and the individually named defendants committed various torts and criminal acts against him by fabricating evidence during trial, manipulating laws and rules of the court, failing to consider "factual evidence" with respect to his felon in possession of a firearm charge, deliberately falsifying court records, and coercing the jury to convict him. Id. at 4–6. Mr. Blodgett believes that he has suffered violations of his constitutional rights as a result of these allegedly unlawful acts, specifically violations of his Fourth and Eighth Amendment rights to be free from unreasonable seizures and cruel and unusual punishment, and his Fifth and Fourteenth Amendment rights to due process. Id. at 6, 9–11. Lastly, Mr. Blodgett demands a trial by jury pursuant to Federal Rule of Civil Procedure 38(b) "on all issues so triable." Id. at 11.

In response to Mr. Blodgett's complaint, the Government filed a Rule 12(b)(1) motion to dismiss for lack of subject matter jurisdiction on October 25, 2017. Dkt. No. 10. On November 9, 2017, Mr. Blodgett filed a response entitled "Plaintiff's Motion to Resist the Defendant's Motion to Dismiss." Dkt. No. 11. The Government filed its reply on November 21, 2017, Dkt. No. 12, and the Court has deemed oral argument unnecessary.

## Discussion

The Tucker Act ordinarily is the focus of subject matter jurisdiction in this Court, and states:

> The United States Court of Federal Claims shall have
> jurisdiction to render judgment upon any claim against the
> United States founded either upon the Constitution, or any Act
> of Congress or any regulation of an executive department, or
> upon any express or implied contract with the United States, or
> for liquidated or unliquidated damages in cases not sounding
> in tort.

28 U.S.C. § 1491(a)(1). The Tucker Act itself "does not create a cause of action." RHI Holdings, Inc. v. United States, 142 F.3d 1459, 1461 (Fed. Cir. 1998). Thus, a plaintiff must identify a "separate source of substantive law that creates the right to money damages" in order to invoke the Court's jurisdiction over a claim. Greenlee County, Ariz. v. United States, 487 F.3d 871, 875 (Fed. Cir. 2007) (quoting Fisher v. United States, 402 F.3d 1167, 1172 (Fed. Cir. 2005)). Failure to establish jurisdiction under the Tucker Act requires the Court to dismiss under Rule 12(b)(1). Outlaw v. United States, 116 Fed. Cl. 656, 658 (2014). When deciding a Rule 12(b)(1) motion to dismiss, a court must assume all the undisputed facts in the complaint are true and draw reasonable inferences in the non-movant's favor. Erikson v. Pardus, 551 U.S. 89, 91 (2007). Courts hold pleadings made by *pro se* plaintiffs to a less stringent standard and liberally construe language in the plaintiff's favor. Id. at 94; Haines v. Kerner, 404 U.S. 519, 520 (1972). However, for the reasons discussed below, none of Mr. Blodgett's claims survive the Government's 12(b)(1) motion to dismiss.

A. Claims Against the State of Iowa and Individually Named Defendants

This Court only has jurisdiction to entertain claims against the United States. 28 U.S.C. § 1491(a)(1); United States v. Sherwood, 312 U.S. 584, 588 (1941); Moore v. Public Defenders Office, 76 Fed. Cl. 617, 620 (2007) ("When a plaintiff's complaint names private parties, or local, county, or state agencies, rather than federal agencies, this court has no jurisdiction . . . ."); Pikulin v. United States, 97 Fed. Cl. 71, 75 (2011) ("It is well settled that the United States is the only proper defendant in the Court of Federal Claims."). Here, in addition to the United States, Mr. Blodgett names the State of Iowa, Mahaska County of Iowa, James Q. Blomgren, and Charles Stream as defendants. As this Court does not possess jurisdiction over claims against states, state officials, or private citizens, Mr. Blodgett's complaint fails to meet the foundational jurisdictional requirement that the United States be the defendant, and the only defendant.

B. Jurisdiction Under 28 U.S.C. §§ 1495, 2513, and 1331

Mr. Blodgett asserts that this Court has jurisdiction to hear his claims under 28 U.S.C. §§ 1495, 2513, and 1331. Under 28 U.S.C. § 1495, the Court of Federal Claims retains jurisdiction "to render judgment upon any claim for damages by any person unjustly

convicted of an offense against the United States and imprisoned." Section 2513 requires individuals suing under § 1495 to prove that their conviction has been reversed or set aside on the ground that they "are not guilty of the offense of which [they] [were] convicted, or in a new trial . . . [they] [were] found not guilty of such offense . . . or that [they] [have] been pardoned upon the stated ground of innocence and unjust conviction." 28 U.S.C. § 2513(a)(1). Finally, 28 U.S.C. § 1331 states that "the district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."

Each of Mr. Blodgett's jurisdictional arguments fails. First, Mr. Blodgett does not meet the statutory requirements to bring suit in this Court under § 1495 and § 1331 because he has not been convicted of an offense against the United States, and his claims do not arise under the Constitution, federal laws, or any treaties; rather, Mr. Blodgett was convicted of an offense against the State of Iowa for crimes arising under Iowa state law. See Blodgett, 735 N.W.2d at *1 ("A jury found Ricky Joe Blodgett guilty of first-degree robbery and first-degree burglary. Iowa Code §§ 711.1, 711.2, 713.1, and 713.3 (2001)"). Mr. Blodgett also fails to satisfy the requirements of 28 U.S.C. § 2513, as his conviction has not been reversed and he has not been pardoned "upon the stated ground of innocence and unjust conviction." Accordingly, this Court lacks jurisdiction to hear Mr. Blodgett's claims under 28 U.S.C. §§ 1495, 2513, and 1331.

## C. Tort Claims and Criminal Acts

Mr. Blodgett also alleges that the State of Iowa and the individually named defendants committed torts and criminal acts against him, including fabricating evidence during trial, falsifying court documents, and engaging in malicious prosecution. See Compl. at 4–6. This Court does not have the authority to hear claims that sound in tort. 28 U.S.C. § 1491(a)(1); Shearin v. United States, 992 F.2d 1195, 1197 (Fed. Cir. 1993). The Federal Tort Claims Act grants jurisdiction to hear tort claims exclusively to federal district courts. 28 U.S.C. § 1346(b)(1). Additionally, this Court does not have jurisdiction over criminal matters such as Mr. Blodgett's allegations of criminal conduct and improprieties during his trial and conviction on the part of the defendants. See Kania v. United States, 650 F.2d 264, 268 (Cl. Ct. 1981). The Court also denies Mr. Blodgett's request for a trial by jury under Federal Rule of Civil Procedure 38(b), as the judge is the trier of fact in this Court. See Persyn v. United States, 34 Fed. Cl. 187, 194 (1995), aff'd, 106 F.3d. 424 (Fed. Cir. 1996).

## D. Constitutional Claims

The Court likewise lacks jurisdiction to entertain Mr. Blodgett's claims that his Fourth, Eighth, Fifth, and Fourteenth Amendment rights have been violated. Mr. Blodgett claims that the State of Iowa and the individually named defendants violated his Fourth Amendment right to be free from unreasonable seizures, his Eighth Amendment right to

4

be free from cruel and unusual punishment, and his Fifth and Fourteenth Amendment rights to due process. See Compl. at 6, 9–11. However, this Court does not have jurisdiction over Fourth and Eighth Amendment violations or Fifth and Fourteenth Amendment due process violations because monetary damages are not available under any of these provisions. Brown v. United States, 105 F.3d 621, 623 (Fed. Cir. 1997); Ogden v. United States, 61 Fed. Cl. 44, 47 (2004); LeBlanc v. United States, 50 F.3d 1025, 1028 (Fed. Cir. 1995); Stephanatos v. United States, 81 Fed. Cl. 440, 445 (2008).

### E.  Claims Before Other Courts

Finally, this Court does not possess jurisdiction over "any claim . . . pending in any other court . . . ."  28 U.S.C. § 1500.  Claims based on substantially the same facts are considered the same claim for purposes of § 1500.  Pellegrini v. United States, 103 Fed. Cl. 47, 50 (2012).  This complaint and the complaint currently on appeal in the Eight Circuit from the U.S. District Court for the Southern District of Iowa cite the same facts to allege very similar claims.  See Blodgett v. State of Iowa, No. 4:16-cv-00490 (S.D. Iowa Sept. 2, 2016), ECF No. 1 (Mr. Blodgett claims the State of Iowa and Mr. Blomgren engaged in malicious prosecution by misleading the jury during his trial and manipulating the laws and rules of the court.).  Thus, this Court lacks jurisdiction to hear Mr. Blodgett's claims.

### Conclusion

For the reasons stated above, the Government's motion to dismiss is GRANTED. The Clerk of the Court shall enter judgment accordingly.  No costs.

IT IS SO ORDERED.

_____
THOMAS C. WHEELER
Judge